IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHIMAAZ IVY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No.: |
| ) | |
| DOUGLAS BECKMAN, individually; and ) | **Plaintiff Demands a Trial by Jury** |
| NATHANIEL PARK, individually, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SHIMAAZ IVY, by and through his attorneys, ROMANUCCI & BLANDIN, LLC, and for Plaintiff's Complaint at Law against Defendants, DOUGLAS BECKMAN and NATHANIEL PARK, pleading hypothetically and in the alternative, states as follows:

### THE PARTIES

1. Plaintiff SHIMAAZ IVY, an African American male, is a citizen of the United States. At all relevant times, Plaintiff was a resident of the City of Urbana, Champaign County, Illinois.

2. On and before January 1, 2015, and at all relevant times, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, maintained, as a division of said corporation, a certain police department, commonly referred to as the University of Illinois Police Department, in Champaign County, Illinois (hereinafter, collectively referred to as the

1

"UNIVERSITY OF ILLINOIS Police Department").

3. On and before January 1, 2015, and at all relevant times, Defendant DOUGLAS BECKMAN ("Defendant BECKMAN") was a University of Illinois Police Officer employed by the Defendant UNIVERSITY OF ILLINOIS Police Department.

4. On and before January 1, 2015, and at all relevant times, when Defendant BECKMAN was engaging in the complained of conduct, he was acting under color of law and in the course of his employment as a University of Illinois Police Department Police Officer.

5. On and before January 1, 2015, and at all relevant times, Defendant NATHANIEL PARK ("Defendant PARK") was a University of Illinois Police Officer employed by the Defendant UNIVERSITY OF ILLINOIS Police Department.

6. On and before January 1, 2015, and at all relevant times, when Defendant PARK was engaging in the complained of conduct, he was acting under color of law and in the course of his employment as a University of Illinois Police Department Police Officer.

## JURISDICTION AND VENUE

7. This is an action brought pursuant to pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth and Fourteenth Amendments to the United States Constitution, against Defendants, DOUGLAS BECKMAN and NATHANIEL PARK, after they violated Plaintiff, SHIMAAZ IVY's constitutional rights when they used excessive and unreasonable force against him.

8. This Court has original jurisdiction over Plaintiff's § 1983 claims pursuant to 28 U.S.C. §§ 1343(a)(3) and 1331.

9. Venue is proper herein under 28 U.S.C. § 1391(b) since the parties reside, or, at the time the events took place, formerly resided in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

**JURY DEMAND**

10. Plaintiff demands a trial by jury.

**FACTS APPLICABLE TO ALL COUNTS**

11. The instant case arose from events which took place in the parking lot of the Village at Colbert Park apartment complex located at 1210 Village Park Way Savoy, Illinois (hereinafter, "the Village at Colbert Park").

12. At or about 1:00 A.M. on January 1, 2015, Plaintiff arrived at a New Years Eve party at the Village at Colbert Park with Wayne Colson and four women in a white SUV (hereinafter the "SUV").

13. On January 1, 2015, prior to Plaintiff's arrival at the party, residents from the Village at Colbert Park reported hearing gun shots.

14. Upon information and belief, on January 1, 2015, when residents reported hearing shots fired, there were no reports of individuals firing gunshots in a violent manner nor were there any reports of individuals wounded by gunshots.

15. At or about 1:18 A.M. on January 1, 2015, Defendant BECKMAN and PARK arrived at the Village at Colbert Park in response to the call of shots fired.

16. At or about 1:18 A.M. on January 1, 2015, Defendant BECKMAN and PARK parked their service vehicle approximately 50 yards away facing the apartment complex building with the most commotion.

17. At or about 1:19 A.M. Defendant police officers, DOUGLAS BECKMAN and NATHANIEL PARK, stated that they were going to "gear up" and armed themselves with AR-15 assault rifles.

18. At said time, Defendant police officers were never told any violent crime had been committed and/or that any individuals were in danger of death or serious bodily harm.

19. At said time, Defendant police officers did not witness any violent crime and/or that any individuals were in danger of death or serious bodily harm.

20. At or about 1:18 A.M. on January 1, 2015, Plaintiff walked outside of an apartment at the Village at Colbert Park, along with Wayne Colson and four young women.

21. As Plaintiff and Wayne Colson walked to one of the women's SUV, they were attacked by a group of 5-10 males from the party who began to aggressively punch, kick and grab Plaintiff and Wayne Colson.

22. Plaintiff and Wayne Colson were viciously attacked and outnumbered by the group of males from the party.

23. At or about 1:19:50 A.M. on January 1, 2015 Defendants PARK and BECKMAN witnessed the brutal attack and stated "you gotta be kidding me."

24. At or about 1:20:16 A.M. on January 1, 2015, in self-defense, Wayne Colson pulled out a firearm and fired warning shots into the air to thwart the attackers. No person was injured in the shooting.

25. After the warning shots, Plaintiff and Wayne Colson continued to the women's vehicle.

26. Specifically, Plaintiff got into the third row of seats of the women's vehicle and Wayne Colson got into the middle row of seats on the passenger side of the vehicle.

27. Defendant police officers, DOUGLAS BECKMAN and NATHANIEL PARK shouted "right there!" and witnessed the group of females, Wayne Colson, and Plaintiff SHIMAAZ IVY enter the vehicle.

28. Defendant police officers, DOUGLAS BECKMAN and NATHANIEL PARK were aware that Plaintiff, SHIMAAZ IVY, was in the vehicle.

29. At or about 1:20:25 A.M. on January 1, 2015, Defendant police officers, DOUGLAS BECKMAN and NATHANIEL PARK, immediately approached the SUV from the rear with their AR-15 service weapons already drawn and yelled "drop it now!" three times.

30. Approximately ten seconds after Wayne Colson fired warning shots in the air, at or about 1:20:28 A.M. on January 1, 2015, Defendant police officers, DOUGLAS BECKMAN and NATHANIEL PARK fired approximately 20 shots from their AR-15 service weapons indiscriminately into the SUV, hitting Plaintiff, SHIMAAZ IVY and the SUV.

31. After yelling "drop it now," Defendants BECKMAN and PARK immediately fired approximately 20 shots into the SUV in which Defendants knew contained innocent bystanders.

32. At no time once Colson entered the vehicle did he fire the gun or point the gun at Defendants BECKMAN and PARK.

33. Defendants BECKMAN and PARK did not provide an opportunity for the individuals in the SUV to comply with their orders before firing approximately 20 shots from their AR-15 service weapons indiscriminately into the SUV.

34. At all relevant times, Defendants BECKMAN and PARK did not have a valid warrant to arrest Plaintiff or the female passengers.

35. At all relevant times, the actions of Defendants BECKMAN and PARK were undertaken recklessly and without probable cause to believe Plaintiff or the other female passengers and driver had committed any crime.

36. As a result of Defendants BECKMAN and PARK's actions, Plaintiff's body was struck two times with the Defendants' bullets.

37. After Plaintiff was struck by numerous bullets, Defendants BECKMAN and PARK handcuffed Plaintiff and arrested him.

38. At no time did Plaintiff ever display a weapon to Defendants BECKMAN and PARK or others.

39. At no time did Plaintiff or passengers threaten to use physical force upon the Defendants BECKMAN and PARK.

40. At no time did Plaintiff use physical force upon Defendants BECKMAN and PARK or others.

41. At no time did Defendants BECKMAN and PARK and/or any other law enforcement personnel find any weapons on Plaintiff's person.

42. Defendants BECKMAN and PARK did not have probable cause to believe Plaintiff posed a significant threat of death or serious physical injuries to Defendant police officers or others.

43. At no time did was the SUV involved in a crime.

44. At no time was the SUV used as a weapon against Defendants BECKMAN and PARK or others.

45. At no time did the driver and occupants of the SUV use physical force upon Defendants BECKMAN and PARK or others.

46. At no time did Defendants BECKMAN and PARK and/or any other law enforcement personnel find any weapons on the driver of the SUV or female passengers' person.

47. Defendant police officers did not have probable cause to believe the driver of the SUV or the female occupants posed a significant threat of death or serious physical injuries to Defendant police officers or others.

48. Deadly force was not necessary to prevent Plaintiff's escape.

49. Plaintiff was not charged with any crime related to this incident.

### COUNT I – 42 U.S.C. §1983—Excessive Force
*(Ivy v. Beckman and Park)*

50. Plaintiff incorporates by reference all preceding paragraphs

51. At all relevant times, Defendant Officers BECKMAN and PARK were authorized officers, agents, and employees of the University of Illinois Police Department and the UNIVERSITY OF ILLINOIS and were acting in the course of their employment.

52. That at all times relevant hereto, it was the duty of Defendant Officers BECKMAN and PARK individually and as officers, agents and/or employees of the UNIVERSITY OF ILLINOIS Police Department, to refrain from using unreasonable excessive force against others, including Plaintiff SHIMAAZ IVY.

53. On January 1, 2015, in breach of said duty, Defendant Officers BECKMAN and PARK used unreasonable and excessive force in violation of the United States Constitution by engaging in the following acts or omissions:

   a. BECKMAN and PARK pointed their weapons at Plaintiff under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

   b. BECKMAN and PARK placed their finger on the trigger of their service weapons while pointing their weapons at Plaintiff under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

7

c. BECKMAN and PARK fired approximately 20 shots at Plaintiff from their service weapons at an SUV filled with people under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

d. BECKMAN and PARK used a level of force that they knew, or should have known, was excessive when they, among other things, shot at Plaintiff approximately 20 times without proper justification;

e. BECKMAN and PARK used an unreasonable amount of force in relationship to the threat or force posed by the Plaintiff, who was not resisting any lawful arrest or threatening the life or safety of any police officers or the public;

f. BECKMAN and PARK used excessive force in violation of the University of Illinois Police Department's policy which expressly prohibits use of excessive force;

g. BECKMAN and PARK failed to use less dangerous means of restraint; and/or

h. BECKMAN and PARK failed to follow proper police procedures and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois.

54. At all times relevant, the aforementioned conduct of Defendants BECKMAN and PARK constituted unreasonable excessive force in violation of the United States Constitution.

55. The actions of Defendants BECKMAN and PARK were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff SHIMAAZ IVY's constitutional rights.

56. The actions of Defendants BECKMAN and PARK would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that Defendants BECKMAN and PARK used such force.

57. The actions of Defendants BECKMAN and PARK were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff SHIMAAZ IVY.

58. As a proximate cause of Defendant's unreasonable and excessive use of force, SHIMAAZ IVY experienced injuries, including physical and psychological pain and suffering.

WHEREFORE, Plaintiff, SHIMAAZ IVY, respectfully requests that this Court enter judgment against Defendants DOUGLAS BECKMAN and NATHANIEL PARK awarding compensatory damages, including medical expenses, special damages, punitive damages, attorneys' fees and costs pursuant to 42 USC § 1988, and any further relief this Court deems just.

### COUNT II – 42 U.S.C. §1983 – Failure to Intervene
### (*Ivy v. Park*)

59. Plaintiff SHIMAAZ IVY hereby adopts and re-alleges Paragraphs 1 through 58 as and for Paragraphs 1 through 58 of Count II as though fully set forth herein.

60. On January 1, 2015, the aforementioned conduct of Defendants DOUGLAS BECKMAN excessive force in violation of the United States Constitution.

61. The aforementioned conduct of Defendants DOUGLAS BECKMAN was objectively unreasonable.

62. The aforementioned acts of Defendants DOUGLAS BECKMAN were undertaken intentionally, willfully, with malice, and with reckless indifference to IVY's constitutional rights.

63. Throughout the January 1, 2015 encounter with SHIMAAZ IVY, Defendant NATHANIEL PARK had knowledge that the aforementioned conduct Defendants DOUGLAS BECKMAN constituted unreasonably excessive force under the United States Constitution.

64. Throughout the January 1, 2015 encounter with SHIMAAZ IVY, Defendant NATHANIEL PARK had knowledge that IVY's constitutional rights were being violated.

65. Throughout the January 1, 2015 encounter with January 1, 2015, Defendant NATHANIEL PARK had a realistic opportunity to intervene and prevent deprivation of IVY's constitutional rights.

66. As a result of Defendant NATHANIEL PARK's failure to intervene, Plaintiff SHIMAAZ IVY was deprived of his liberty and suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff, SHIMAAZ IVY, respectfully requests that this Court enter judgment against NATHANIEL PARK awarding compensatory damages, including medical expenses, special damages, punitive damages, attorneys' fees and costs pursuant to 42 USC § 1988, and any further relief this Court deems just.

### COUNT III – 42 U.S.C. §1983 – Failure to Intervene
(*Ivy v. Beckman*)

67. Plaintiff SHIMAAZ IVY hereby adopts and re-alleges Paragraphs 1 through 58 as and for Paragraphs 1 through 58 of Count III as though fully set forth herein.

68. On January 1, 2015, the aforementioned conduct of Defendants NATHANIEL PARK constituted excessive force in violation of the United States Constitution.

69. The aforementioned conduct of Defendants NATHANIEL PARK was objectively unreasonable.

70. The aforementioned acts of Defendants NATHANIEL PARK were undertaken intentionally, willfully, with malice, and with reckless indifference to IVY's constitutional rights.

71. Throughout the January 1, 2015 encounter with SHIMAAZ IVY, Defendant DOUGLAS BECKMAN had knowledge that the aforementioned conduct Defendant NATHANIEL PARK constituted unreasonably excessive force under the United States Constitution.

72. Throughout the January 1, 2015 encounter with SHIMAAZ IVY, Defendant DOUGLAS BECKMAN had knowledge that IVY's constitutional rights were being violated.

73. Throughout the January 1, 2015 encounter with January 1, 2015, Defendant DOUGLAS BECKMAN had a realistic opportunity to intervene and prevent deprivation of IVY's constitutional rights.

74. As a result of Defendant DOUGLAS BECKMAN's failure to intervene, Plaintiff SHIMAAZ IVY was deprived of his liberty and suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff, SHIMAAZ IVY, respectfully requests that this Court enter judgment against DOUGLAS BECKMAN awarding compensatory damages, including medical expenses, special damages, punitive damages, attorneys' fees and costs pursuant to 42 USC § 1988, and any further relief this Court deems just.

### COUNT I – 42 U.S.C. §1983—Substantive Due Process
*(Ivy v. Beckman and Park)*

75. Plaintiff incorporates by reference all preceding paragraphs

76. At all relevant times, Defendant Officers BECKMAN and PARK were authorized officers, agents, and employees of the University of Illinois Police Department and the UNIVERSITY OF ILLINOIS and were acting in the course of their employment.

77. That at all times relevant hereto, it was the duty of Defendant Officers BECKMAN and PARK individually and as officers, agents and/or employees of the UNIVERSITY OF ILLINOIS Police Department, to refrain from using unreasonable excessive force against others, including Plaintiff SHIMAAZ IVY, in violation his right to bodily integrity.

78. On January 1, 2015, in breach of said duty, Defendant Officers BECKMAN and PARK used unreasonable and excessive force against Plaintiff, SHIMAAZ IVY, in violation of his rights secured to him by the Fourteenth Amendment of the United States Constitution by engaging in the following acts or omissions:

a. BECKMAN and PARK pointed their weapons at Plaintiff under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

b. BECKMAN and PARK placed their finger on the trigger of their service weapons while pointing their weapons at Plaintiff under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

c. BECKMAN and PARK fired approximately 20 shots at Plaintiff from their service weapons at an SUV filled with people under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

d. BECKMAN and PARK used a level of force that they knew, or should have known, was excessive when they, among other things, shot at Plaintiff approximately 20 times without proper justification;

e. BECKMAN and PARK used an unreasonable amount of force in relationship to the threat or force posed by the Plaintiff, who was not resisting any lawful arrest or threatening the life or safety of any police officers or the public;

f. BECKMAN and PARK used excessive force in violation of the University of Illinois Police Department's policy which expressly prohibits use of excessive force;

g. BECKMAN and PARK failed to use less dangerous means of restraint; and/or

h. BECKMAN and PARK failed to follow proper police procedures and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois.

79. At all times relevant, the aforementioned conduct of Defendants BECKMAN and PARK constituted unreasonable excessive force in violation of the United States Constitution.

80. At all times relevant, the aforementioned actions of Defendants BECKMAN and PARK were undertaken with the purpose to cause harm to Plaintiff, SHIMAAZ IVY.

81. At all times relevant, the aforementioned actions of Defendants BECKMAN and PARK were conscious shocking.

82. The actions of Defendants BECKMAN and PARK were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff SHIMAAZ IVY's constitutional rights.

83. The actions of Defendants BECKMAN and PARK would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that Defendants BECKMAN and PARK used such force.

84. The actions of Defendants BECKMAN and PARK were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff SHIMAAZ IVY.

85. As a proximate cause of Defendant's unreasonable and excessive use of force, SHIMAAZ IVY experienced injuries, including physical and psychological pain and suffering in violation of his right to bodily integrity secured to him by the Fourteenth Amendment of the United States Constitution.

WHEREFORE, Plaintiff, SHIMAAZ IVY, respectfully requests that this Court enter judgment against Defendants DOUGLAS BECKMAN and NATHANIEL PARK awarding compensatory damages, including medical expenses, special damages, punitive damages, attorneys' fees and costs pursuant to 42 USC § 1988, and any further relief this Court deems just.

Respectfully Submitted,

ROMANUCCI & BLANDIN, LLC

_____s/Michael E. Holden_____
Attorney for Plaintiff

Antonio M. Romanucci
Martin D. Gould
Michael E. Holden
**ROMANUCCI & BLANDIN, LLC**

321 North Clark Street
Suite 900
Chicago, Illinois 60654
(312) 458-1000
(312) 458-1004 *facsimile*
Attorney No.: 35875
Email: mholden@rblaw.net