5442-104
JDF/bab

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| SHIMAAZ IVY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | No.:  16-cv-02292 |
| | ) | |
| DOUGLAS BECKMAN, Individually, and | ) | |
| NATHANIEL PARK, Individually, | ) | |
| | ) | |
|     Defendants. | ) | |

### <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

NOW COME the Defendants, DOUGLAS BECKMAN, Individually, and NATHANIEL PARK, Individually, by their attorney, John D. Flodstrom of HEYL, ROYSTER, VOELKER & ALLEN, their attorneys, and as and for their Answer and Affirmative Defenses to the Plaintiff's Complaint at Law, states as follows:

### <u>ANSWER</u>

1.    Plaintiff SHIMAAZ IVY, an African American male, is a citizen of the United States. At all relevant times, Plaintiff was a resident of the City of Urbana, Champaign County, Illinois.

**ANSWER**:    The Defendants admit the Plaintiff Ivy is an African American male, but deny the remaining allegations because they do not have any direct knowledge.

1

2.     On and before January 1, 2015, and at all relevant times, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, maintained, as a division of said corporation, a certain police department, commonly referred to as the University of Illinois Police Department, in Champaign County, Illinois (hereinafter, collectively referred to as the "UNIVERSITY OF ILLINOIS Police Department").

**ANSWER**:     Defendants admit the allegations of Paragraph 2.

3.     On and before January 1, 2015, and at all relevant times, Defendant DOUGLAS BECKMAN ("Defendant BECKMAN") was a University of Illinois Police Officer employed by the Defendant UNIVERSITY OF ILLINOIS Police Department.

**ANSWER**:     The Defendants admit the allegations of Paragraph 3.

4.     On and before January 1, 2015, and at all relevant times, when Defendant BECKMAN was engaging in the complained of conduct, he was acting under color of law and in the course of his employment as a University of Illinois Police Department Police Officer.

**ANSWER**:     The Defendants admit the allegations of Paragraph 4.

5.     On and before January 1, 2015, and at all relevant times, Defendant NATHANIEL PARK ("Defendant PARK") was a University of Illinois Police Officer employed by the Defendant UNIVERSITY OF ILLINOIS Police Department.

**ANSWER**:     The Defendants admit the allegations of Paragraph 5.

6.     On and before January 1, 2015, and at all relevant times, when Defendant PARK was engaging in the complained of conduct, he was acting under color of law and in the course of his employment as a University of Illinois Police Department Police Officer.

**ANSWER**:    The Defendants admit the allegations of Paragraph 6.

**JURISDICTION AND VENUE**

7.    This is an action brought pursuant to pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth and Fourteenth Amendments to the United States Constitution, against Defendants, DOUGLAS BECKMAN and NATHANIEL PARK, after they violated Plaintiff, SHIMAAZ IVY's constitutional rights when they used excessive and unreasonable force against him.

**ANSWER**:    The Defendants deny the allegation of Paragraph 7.

8.    This Court has original jurisdiction over Plaintiff's § 1983 claims pursuant to 28 U.S.C. §§ 1343(a)(3) and 1331.

**ANSWER**:    The Defendants admit the allegations of Paragraph 8.

9.    Venue is proper herein under 28 U.S.C. § 1391(b) since the parties reside, or, at the time the events took place, formerly resided in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

**ANSWER**:    The Defendants admit the allegations of Paragraph 9.

**JURY DEMAND**

10.    Plaintiff demands a trial by jury.

**ANSWER**:  The Defendants admit the Plaintiff has requested a jury trial.

**FACTS APPLICABLE TO ALL COUNTS**

11.    The instant case arose from events which took place in the parking lot of the Village at Colbert Park apartment complex located at 1210 Village Park Way Savoy, Illinois

(hereinafter, "the Village at Colbert Park").

**ANSWER**: The Defendants admit the allegations of Paragraph 11.

12. At or about 1:00 A.M. on January 1, 2015, Plaintiff arrived at a New Years Eve party at the Village at Colbert Park with Wayne Colson and four women in a white SUV (hereinafter the "SUV").

**ANSWER**: The Defendants do not have any direct knowledge of the allegations in Paragraph 12 and therefore deny the allegations.

13. On January 1, 2015, prior to Plaintiffs arrival at the party, residents from the Village at Colbert Park reported hearing gun shots.

**ANSWER**: The Defendants admit there was a report of gunshots in the Village at Colbert Park and do not have any direct knowledge of the other allegations in Paragraph 13 and therefore deny the allegations.

14. Upon information and belief, on January 1, 2015, when residents reported hearing shots fired, there were no reports of individuals firing gunshots in a violent manner nor were there any reports of individuals wounded by gunshots.

**ANSWER**: The Defendants admit there were no prior reports of any individuals wounded by gunshots but deny the remaining allegations of Paragraph 14.

15. At or about 1:18 A.M. on January 1, 2015, Defendant BECKMAN and PARK arrived at the Village at Colbert Park in response to the call of shots fired.

**ANSWER**: The Defendants admit the allegations of Paragraph 15.

16.    At or about 1:18 A.M. on January 1, 2015, Defendant BECKMAN and PARK parked their service vehicle approximately 50 yards away facing the apartment complex building with the most commotion.

**ANSWER**:    The Defendants admit they parked their service vehicle and deny the vehicle was facing the apartment complex building with the most commotion.

17.    At or about 1:19 A.M. Defendant police officers, DOUGLAS BECKMAN and NATHANIEL PARK, stated that they were going to "gear up" and armed themselves with AR-15 assault rifles.

**ANSWER**:    The Defendants admit they stated they were going to "gear up" at approximately 1:19 A.M. and deny they armed themselves with "assault rifles."

18.    At said time, Defendant police officers were never told any violent crime had been committed and/or that any individuals were in danger of death or serious bodily harm.

**ANSWER**:    Defendants deny the allegations of Paragraph 18.

19.    At said time, Defendant police officers did not witness any violent crime and/or that any individuals were in danger of death or serious bodily harm.

**ANSWER**:    Defendants admit they had not witnessed any violent crime or that any individuals were in danger of death or serious bodily harm at the exact time they were "gearing up."

20.    At or about 1:18 A.M. on January 1, 2015, Plaintiff walked outside of an apartment at the Village at Colbert Park, along with Wayne Colson and four young women.

**ANSWER**: Defendants do not have any direct knowledge of the allegations in Paragraph 20 and therefore deny the allegations.

21. As Plaintiff and Wayne Colson walked to one of the women's SUV, they were attacked by a group of 5-10 males from the party who began to aggressively punch, kick and grab Plaintiff and Wayne Colson.

**ANSWER**: Defendants do not have any direct knowledge of the allegations in Paragraph 21 and therefore deny the allegations.

22. Plaintiff and Wayne Colson were viciously attacked and outnumbered by the group of males from the party.

**ANSWER**: The Defendants do not have any direct knowledge of the allegations in Paragraph 22 and therefore deny the allegations.

23. At or about 1:19:50 A.M. on January 1, 2015 Defendants PARK and BECKMAN witnessed the brutal attack and stated "you gotta be kidding me."

**ANSWER**: Defendants deny that they witnessed a "brutal attack." The Defendants admit they said "you gotta be kidding me" but that was because Officer Beckman was having difficulty donning his utility vest.

24. At or about 1:20:16 A.M. on January 1, 2015, in self-defense, Wayne Colson pulled out a firearm and fired warning shots into the air to thwart the attackers. No person was injured in the shooting.

**ANSWER**: Defendants deny Wayne Colson was acting in self-defense and that he fired warning shots. Defendants do not have any direct knowledge whether anyone was injured in the shots fired by Colson and therefore deny same.

25. After the warning shots, Plaintiff and Wayne Colson continued to the women's vehicle.

**ANSWER**: The Defendants deny having any knowledge of the Plaintiff's location and also deny that any "warning shots" had been fired. The Defendants admit that Colson moved toward a vehicle.

26. Specifically, Plaintiff got into the third row of seats of the women's vehicle and Wayne Colson got into the middle row of seats on the passenger side of the vehicle.

**ANSWER**: The Defendants do not have any knowledge of the Plaintiff's location at the time alleged and therefore deny the allegations. Defendants observed Colson get into the passenger side of the vehicle but did not know that it was a "women's vehicle."

27. Defendant police officers, DOUGLAS BECKMAN and NATHANIEL PARK shouted "right there!" and witnessed the group of females, Wayne Colson, and Plaintiff SHIMAAZ IVY enter the vehicle.

**ANSWER**: The Defendants admit they shouted "right there" but deny the remaining allegations of Paragraph 27.

28. Defendant police officers, DOUGLAS BECKMAN and NATHANIEL PARK were aware that Plaintiff, SHIMAAZ IVY, was in the vehicle.

**ANSWER**: Defendants deny the allegations of Paragraph 28.

29.     At or about 1:20:25 A.M. on January 1, 2015, Defendant police officers, DOUGLAS BECKMAN and NATHANIEL PARK, immediately approached the SUV from the rear with their AR-15 service weapons already drawn and yelled "drop it now!" three times.

**ANSWER**:     The Defendants admit they yelled "drop it now" and that they approached the SUV from the rear with their service weapons drawn.

30.     Approximately ten seconds after Wayne Colson fired warning shots in the air, at or about 1:20:28 A.M. on January 1, 2015, Defendant police officers, DOUGLAS BECKMAN and NATHANIEL PARK fired approximately 20 shots from their AR-15 service weapons indiscriminately into the SUV, hitting Plaintiff, SHIMAAZ IVY and the SUV.

**ANSWER**:     The Defendants deny that Wayne Colson had fired any warning shots and admit they fired shots in the direction of the SUV, but deny that it was done "indiscriminately." Defendants do not have direct knowledge that any shots hit the Plaintiff Ivy and therefore deny that allegation.

31.     After yelling "drop it now," Defendants BECKMAN and PARK immediately fired approximately 20 shots into the SUV in which Defendants knew contained innocent bystanders.

**ANSWER**:     The Defendants admit that shots were fired after they yelled "drop it now" and deny the SUV contained innocent bystanders.

32.     At no time once Colson entered the vehicle did he fire the gun or point the gun at Defendants BECKMAN and PARK.

**ANSWER**: The Defendants admit that Colson did not fire the gun after he entered the vehicle and were unable to see the gun at all times and could not state whether the gun was ever pointed at the Defendants. Therefore, the Defendants deny that allegation.

33. Defendants BECKMAN and PARK did not provide an opportunity for the individuals in the SUV to comply with their orders before firing approximately 20 shots from their AR-15 service weapons indiscriminately into the SUV.

**ANSWER**: The Defendants deny the allegations of Paragraph 33.

34. At all relevant times, Defendants BECKMAN and PARK did not have a valid warrant to arrest Plaintiff or the female passengers.

**ANSWER**: The Defendants admit the allegations of Paragraph 34.

35. At all relevant times, the actions of Defendants BECKMAN and PARK were undertaken recklessly and without probable cause to believe Plaintiff or the other female passengers and driver had committed any crime.

**ANSWER**: The Defendants deny the allegations of Paragraph 35.

36. As a result of Defendants BECKMAN and PARK's actions, Plaintiff's body was struck two times with the Defendants' bullets.

**ANSWER**: The Defendants deny the allegations of Paragraph 36.

37. After Plaintiff was struck by numerous bullets, Defendants BECKMAN and PARK handcuffed Plaintiff and arrested him.

**ANSWER**: The Defendants deny the allegations of Paragraph 37.

38.     At no time did Plaintiff ever display a weapon to Defendants BECKMAN and PARK or others.

**ANSWER**:     The Defendants admit the allegations of Paragraph 38.

39.     At no time did Plaintiff or passengers threaten to use physical force upon the Defendants BECKMAN and PARK.

**ANSWER**:     Defendants deny the allegations of Paragraph 39.

40.     At no time did Plaintiff use physical force upon Defendants BECKMAN and PARK or others.

**ANSWER**:     The Defendants admit that Plaintiff did not use physical force against the Defendants but deny the remaining allegations.

41.     At no time did Defendants BECKMAN and PARK and/or any other law enforcement personnel find any weapons on Plaintiff's person.

**ANSWER**:     Defendants did not search the Plaintiff's person and do not have direct knowledge of the allegations in Paragraph 41.  These allegations are denied.

42.     Defendants BECKMAN and PARK did not have probable cause to believe Plaintiff posed a significant threat of death or serious physical injuries to Defendant police officers or others.

**ANSWER**:     Defendants deny the allegations of Paragraph 42 because they did not have knowledge of the Plaintiff's presence at the times alleged.

43.     At no time did was the SUV involved in a crime.

**ANSWER**:     The Defendants deny the allegations of Paragraph 43.

44.     At no time was the SUV used as a weapon against Defendants BECKMAN and PARK or others.

**ANSWER**:     The Defendants deny the allegations of Paragraph 44.

45.     At no time did the driver and occupants of the SUV use physical force upon Defendants BECKMAN and PARK or others.

**ANSWER**:     Defendants deny the allegations of Paragraph 45.

46.     At no time did Defendants BECKMAN and PARK and/or any other law enforcement personnel find any weapons on the driver of the SUV or female passengers' person.

**ANSWER**:     The Defendants did not do a search of the driver of the SUV or any passengers and do not have direct knowledge of these allegations.  Therefore, the allegations are denied.

47.     Defendant police officers did not have probable cause to believe the driver of the SUV or the female occupants posed a significant threat of death or serious physical injuries to Defendant police officers or others.

**ANSWER**:     Defendants deny the allegations of Paragraph 47.

48.     Deadly force was not necessary to prevent Plaintiff's escape.

**ANSWER**:     The Defendants deny the allegations of Paragraph 48.

49.     Plaintiff was not charged with any crime related to this incident.

**ANSWER**:     Defendants admit the allegations in Paragraph 49.

<u>**COUNT I – 42 U.S.C. §1983—Excessive Force**</u>
**(Ivy v. Beckman and Park)**

50.     Plaintiff incorporates by reference all preceding paragraphs.

**ANSWER**: The Defendants adopt and restate their answers to Paragraphs 1 through 49 as and for their answer to Paragraph 50.

51. At all relevant times, Defendant Officers BECKMAN and PARK were authorized officers, agents, and employees of the University of Illinois Police Department and the UNIVERSITY OF ILLINOIS and were acting in the course of their employment.

**ANSWER**: The Defendants admit the allegations of Paragraph 51.

52. That at all times relevant hereto, it was the duty of Defendant Officers BECKMAN and PARK individually and as officers, agents and/or employees of the UNIVERSITY OF ILLINOIS Police Department, to refrain from using unreasonable excessive force against others, including Plaintiff SHIMAAZ IVY.

**ANSWER**: Defendants admit the allegations in Paragraph 52.

53. On January 1, 2015, in breach of said duty, Defendant Officers BECKMAN and PARK used unreasonable and excessive force in violation of the United States Constitution by engaging in the following acts or omissions:

   a. BECKMAN and PARK pointed their weapons at Plaintiff under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

   b. BECKMAN and PARK placed their finger on the trigger of their service weapons while pointing their weapons at Plaintiff under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

   c. BECKMAN and PARK fired approximately 20 shots at Plaintiff from their service weapons at an SUV filled with people under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

   d. BECKMAN and PARK used a level of force that they knew, or should have known, was excessive when they, among other things, shot at Plaintiff approximately 20 times without proper justification;

e.    BECKMAN and PARK used an unreasonable amount of force in relationship to the threat or force posed by the Plaintiff, who was not resisting any lawful arrest or threatening the life or safety of any police officers or the public;

f.    BECKMAN and PARK used excessive force in violation of the University of Illinois Police Department's policy which expressly prohibits use of excessive force;

g.    BECKMAN and PARK failed to use less dangerous means of restraint; and/or

h.    BECKMAN and PARK failed to follow proper police procedures and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois.

**ANSWER**:    The Defendants deny each and every allegation in Paragraph 53, including the allegations in subparagraphs a through h.

54.    At all times relevant, the aforementioned conduct of Defendants BECKMAN and PARK constituted unreasonable excessive force in violation of the United States Constitution.

**ANSWER**:    The Defendants deny the allegations of Paragraph 54.

55.    The actions of Defendants BECKMAN and PARK were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff SHIMAAZ IVY's constitutional rights.

**ANSWER**:    The Defendants deny the allegations of Paragraph 55.

56.    The actions of Defendants BECKMAN and PARK would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that Defendants BECKMAN and PARK used such force.

**ANSWER**:    The Defendants deny the allegations of Paragraph 56.

57.    The actions of Defendants BECKMAN and PARK were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff SHIMAAZ IVY.

**ANSWER**:     The Defendants deny the allegations of Paragraph 57.

58.     As a proximate cause of Defendant's unreasonable and excessive use of force, SHIMAAZ IVY experienced injuries, including physical and psychological pain and suffering.

**ANSWER**:     The Defendants deny the allegations of Paragraph 58.

Wherefore, the Defendants, Douglas Beckman and Nathaniel Park, respectfully request the judgment be entered in their favor and that they recover their cost of suit.

### COUNT II – 42 U.S.C. §1983 – Failure to Intervene
### (Ivy v. Park)

59.     Plaintiff SHIMAAZ IVY hereby adopts and re-alleges Paragraphs 1 through 58 as and for Paragraphs 1 through 58 of Count II as though fully set forth herein.

**ANSWER**:     The Defendants adopt and restate their answer to Paragraphs 1 through 58 as and for their answer to Paragraph 59.

60.     On January 1, 2015, the aforementioned conduct of Defendants DOUGLAS BECKMAN excessive force in violation of the United States Constitution.

**ANSWER**:     The Defendants deny the allegations of Paragraph 60.

61.     The aforementioned conduct of Defendants DOUGLAS BECKMAN was objectively unreasonable.

**ANSWER**:     The Defendants deny the allegations of Paragraph 61.

62.     The aforementioned acts of Defendants DOUGLAS BECKMAN were undertaken intentionally, willfully, with malice, and with reckless indifference to IVY's constitutional rights.

**ANSWER**:     The Defendants deny the allegations of Paragraph 62.

63.     Throughout the January 1, 2015 encounter with SHIMAAZ IVY, Defendant NATHANIEL PARK had knowledge that the aforementioned conduct Defendants DOUGLAS BECKMAN constituted unreasonably excessive force under the United States Constitution.

**ANSWER**:     The Defendants deny the allegations of Paragraph 63.

64.     Throughout the January 1, 2015 encounter with SHIMAAZ IVY, Defendant NATHANIEL PARK had knowledge that IVY's constitutional rights were being violated.

**ANSWER**:     The Defendants deny the allegations of Paragraph 64.

65.     Throughout the January 1, 2015 encounter with January 1, 2015, Defendant NATHANIEL PARK had a realistic opportunity to intervene and prevent deprivation of IVY's constitutional rights.

**ANSWER**:     The Defendants deny the allegations of Paragraph 65.


66.     As a result of Defendant NATHANIEL PARK's failure to intervene, Plaintiff SHIMAAZ IVY was deprived of his liberty and suffered damages, including physical and emotional injuries.

**ANSWER**:     The Defendants deny the allegations of Paragraph 66.

WHEREFORE, the Defendant, Nathaniel Park, respectfully request that judgment be entered in his favor and that he recover his cost of suit.

67.     Plaintiff SHIMAAZ IVY hereby adopts and re-alleges Paragraphs 1 through 58 as and for Paragraphs 1 through 58 of Count III as though fully set forth herein.

**ANSWER**: The Defendants adopt and restate their answers to Paragraphs 1 through 58 as and for their answer to Paragraph 67.

<u>**COUNT III – 42 U.S.C. §1983 – Failure to Intervene**</u>
**(Ivy v. Beckman)**

68. On January 1, 2015, the aforementioned conduct of Defendants NATHANIEL PARK constituted excessive force in violation of the United States Constitution.

**ANSWER**: The Defendants deny the allegations of Paragraph 68.

69. The aforementioned conduct of Defendants NATHANIEL PARK was objectively unreasonable.

**ANSWER**: The Defendants deny the allegations of Paragraph 69.

70. The aforementioned acts of Defendants NATHANIEL PARK were undertaken intentionally, willfully, with malice, and with reckless indifference to IVY's constitutional rights.

**ANSWER**: The Defendants deny the allegations of Paragraph 70.

71. Throughout the January 1, 2015 encounter with SHIMAAZ IVY, Defendant DOUGLAS BECKMAN had knowledge that the aforementioned conduct Defendant NATHANIEL PARK constituted unreasonably excessive force under the United States Constitution.

**ANSWER**: The Defendants deny the allegations of Paragraph 71.

72. Throughout the January 1, 2015 encounter with SHIMAAZ IVY, Defendant DOUGLAS BECKMAN had knowledge that IVY's constitutional rights were being violated.

**ANSWER**: The Defendants deny the allegations of Paragraph 72.

73.     Throughout the January 1, 2015 encounter with January 1, 2015, Defendant DOUGLAS BECKMAN had a realistic opportunity to intervene and prevent deprivation of IVY's constitutional rights.

**ANSWER**:     The Defendants deny the allegations of Paragraph 73.

74.     As a result of Defendant DOUGLAS BECKMAN's failure to intervene, Plaintiff SHIMAAZ IVY was deprived of his liberty and suffered damages, including physical and emotional injuries.

**ANSWER**:     The Defendants deny the allegations of Paragraph 74.

### COUNT I (sic) – 42 U.S.C. §1983 – Substantive Due Process
### (Ivy v. Beckman and Park)

WHEREFORE, the Defendant, Douglas Beckman, respectfully requests that judgment be entered in his favor and that he recover his cost of suit.

75.     Plaintiff incorporates by reference all preceding paragraphs

**ANSWER**:     The Defendants adopt and restate their answer to Paragraph 1 through 74 as and for their answer to Paragraph 75.

76.     At all relevant times, Defendant Officers BECKMAN and PARK were authorized officers, agents, and employees of the University of Illinois Police Department and the UNIVERSITY OF ILLINOIS and were acting in the course of their employment.

**ANSWER**:     The Defendants admit the allegations of Paragraph 76.

77.     That at all times relevant hereto, it was the duty of Defendant Officers BECKMAN and PARK individually and as officers, agents and/or employees of the UNIVERSITY

OF ILLINOIS Police Department, to refrain from using unreasonable excessive force against others, including Plaintiff SHIMAAZ IVY, in violation his right to bodily integrity.

**ANSWER**:     The Defendants admit the allegations of Paragraph 77.

78.    On January 1, 2015, in breach of said duty, Defendant Officers BECKMAN and PARK used unreasonable and excessive force against Plaintiff, SHIMAAZ IVY, in violation of his rights secured to him by the Fourteenth Amendment of the United States Constitution by engaging in the following acts or omissions:

a.    BECKMAN and PARK pointed their weapons at Plaintiff under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

b.    BECKMAN and PARK placed their finger on the trigger of their service weapons while pointing their weapons at Plaintiff under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

c.    BECKMAN and PARK fired approximately 20 shots at Plaintiff from their service weapons at an SUV filled with people under circumstances where Plaintiff posed no threat or danger either to the Officers or the public;

d.    BECKMAN and PARK used a level of force that they knew, or should have known, was excessive when they, among other things, shot at Plaintiff approximately 20 times without proper justification;

e.    BECKMAN and PARK used an unreasonable amount of force in relationship to the threat or force posed by the Plaintiff, who was not resisting any lawful arrest or threatening the life or safety of any police officers or the public;

f.    BECKMAN and PARK used excessive force in violation of the University of Illinois Police Department's policy which expressly prohibits use of excessive force;

g.    BECKMAN and PARK failed to use less dangerous means of restraint; and/or

h.    BECKMAN and PARK failed to follow proper police procedures and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois.

**ANSWER**:     The Defendants deny each and every allegation of Paragraph 78, including the allegations in subparagraphs a through h.

79.     At all times relevant, the aforementioned conduct of Defendants BECKMAN and PARK constituted unreasonable excessive force in violation of the United States Constitution.

**ANSWER**:     The Defendants deny the allegations of Paragraph 79.


80.     At all times relevant, the aforementioned actions of Defendants BECKMAN and PARK were undertaken with the purpose to cause harm to Plaintiff, SHIMAAZ IVY.

**ANSWER**:     The Defendants deny the allegations of Paragraph 80.

81.     At all times relevant, the aforementioned actions of Defendants BECKMAN and PARK were conscious shocking.

**ANSWER**:     The Defendants deny the allegations of Paragraph 81.

82.     The actions of Defendants BECKMAN and PARK were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff SHIMAAZ IVY's constitutional rights.

**ANSWER**:     The Defendants deny the allegations of Paragraph 82.

83.     The actions of Defendants BECKMAN and PARK would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that Defendants BECKMAN and PARK used such force.

**ANSWER**:     The Defendants deny the allegations of Paragraph 83.

84.     The actions of Defendants BECKMAN and PARK were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff SHIMAAZ IVY.

**ANSWER**:     The Defendants deny the allegations of Paragraph 84.

85.     As a proximate cause of Defendant's unreasonable and excessive use of force, SHIMAAZ IVY experienced injuries, including physical and psychological pain and suffering in violation of his right to bodily integrity secured to him by the Fourteenth Amendment of the United States Constitution.

**ANSWER**:     The Defendants deny the allegations of Paragraph 85.

WHEREFORE, the Defendants, Douglas Beckman and Nathaniel Park, respectfully request that judgment be entered in their favor and that they recover their costs of suit.

DEFENDANTS DEMAND A TRIAL BY JURY.

<u>**AFFIRMATIVE DEFENSES**</u>

NOW COME THE DEFENDANTS, Douglas Beckman, Individually, and Nathaniel Park, Individually, by John D. Flodstrom of Heyl Royster Voelker & Allen, and pursuant to Federal Rules of Civil Procedure 8(b) and (c), set forth the following Affirmative Defenses.

1.     Defendants are entitled to qualified immunity on the Federal law claims.

2.     To the extent the Plaintiff seeks to hold Defendants liable for acts or omissions of anyone other than themselves under Federal law, said claims are barred by law as Section 1983 does not allow claims based on vicarious liability or respondeat superior theories.

3.     To the extent the Plaintiff failed to exhaust his administrative remedies, these Defendants are entitled to judgment as a matter of law on the claims based on Federal law.

4.    To the extent the Plaintiff seeks punitive damages against these Defendants in their official capacity, the Defendants are entitled to judgment as a matter of law in that Federal law does not allow punitive damages in this context.

5.    The Plaintiff cannot make a claim for substantive due process violations to the extent he is also asserting there were violations of specific Constitutional provisions.

6.    Plaintiff cannot simultaneously recover under theories of excessive force and failure to intervene as those claims are mutually exclusive.

s/John D. Flodstrom
ARDC #6193116
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300, 102 East Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail:  jflodstrom@heylroyster.com

## CERTIFICATE OF SERVICE

   I hereby certify that on November 7, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Antonio M. Romanucci
Romanucci & Blandin, LLC
Suite 900
321 N. Clark Street
Chicago, IL  60654

Mr. Martin D. Gould
Romanucci & Blandin, LLC
Suite 900
321 N. Clark Street
Chicago, IL  60654

Mr. Michael Elliot Holden
Romanucci & Blandin, LLC
Suite 900
321 N. Clark Street
Chicago, IL  60654

s/John D. Flodstrom
ARDC #6193116
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300, 102 East Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail:  jflodstrom@heylroyster.com

31474862_1